UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Mark A. Herzberg,

                Plaintiff,

                                    **COMPLAINT**

v.

National Credit Adjusters, LLC,           **JURY TRIAL DEMANDED**

                Defendant.

_____

## INTRODUCTION

1.    This action arises out of Defendant National Credit Adjusters, LLC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the discharge provisions of the Bankruptcy Code, 11 U.S.C. §524.

## JURISDICTION

2.    Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. §1331.

3.    Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4.    Plaintiff Mark A. Herzberg, (hereinafter "Plaintiff"), is a natural person residing in the County of Kandiyohi, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant National Credit Adjusters, LLC, (hereinafter "Defendant"), is a business corporation, organized under the laws of Kansas, and is a "debt collector," as defined by § 1692a(6) of the FDCPA, as it uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts. It operates from an address of 327 West Fourth Avenue, Hutchinson, Kansas 67501.

## FACTUAL SUMMARY

6.    Sometime before May of 2018, Plaintiff allegedly incurred a financial obligation with CashCentral.com, a non-party in the instant case.

7.    The alleged obligation was primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.    On May 8, 2018, Plaintiff filed for Chapter 7 Bankruptcy in the District of Minnesota, Court File No. 18-41498.

9.    Plaintiff's account with CashCentral.com was not listed on the Bankruptcy Petition.

10.    On June 4, 2019, Plaintiff's Chapter 7 Bankruptcy was discharged.

11.     Sometime before December 11, 2019, the debt was assigned to Defendant to collect.

12.     On December 13, 2019, Defendant called Plaintiff's place of employment in an attempt to collect on the debt.

13.     On December 16, 2019, Plaintiff, through Plaintiff's Bankruptcy attorney, added Defendant to Plaintiff's bankruptcy proceeding, Court File No.18-41498.

14.     On December 16, 2019, Plaintiff, through Plaintiff's Bankruptcy attorney, notified Defendant of Plaintiff's bankruptcy proceeding.

15.     On December 19, 2019, Defendant called Plaintiff's place of employment in an attempt to collect the debt.

16.     On December 20, 2019, Plaintiff called Defendant and spoke to Miss Gray, an employee of Defendant. Plaintiff asked that Defendant stop calling his place of work, and Miss Gray replied that they were automated calls and she could not stop them. Plaintiff asked again that Defendant stop calling, and Miss Gray replied that unless Plaintiff provided a different phone number, his social security number, in writing, that Defendant may keep calling Plaintiff's place of employment.

17.     On or around December 23, 2019, Plaintiff received a letter from Defendant in an attempt to collect the debt.

18.     At no time did Defendant file any proceedings to declare its alleged debt "non-dischargeable" pursuant to 11 U.S.C. § 523.

19.    Defendant's actions were willful and in full knowledge and awareness of Plaintiff's bankruptcy discharge and that the Discharge Provisions were in effect.

20.    Defendant infringed upon Plaintiff's rights proscribed by Congress to not be subject to abusive, illegal and unfair debt collection practices.

21.    Defendant caused Plaintiff to expend time and resources to hire an attorney to defend himself and vindicate his rights.

22.    As a result of Defendant's violations, Plaintiff has suffered sleeplessness, nervousness, embarrassment, and fear of answering the telephone.

23.    Defendant has willfully violated the discharge in bankruptcy.

24.    By repeatedly calling Plaintiff's place of employment, continuing contact after notification of Plaintiff's Bankruptcy, and falsely claiming that it could not cease contacting Plaintiff, Defendant engaged in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff, in violation of 15 U.S.C. § 1692d.

25.    By claiming that Defendant could not cease calls to Plaintiff, Defendant used false, deceptive, and misleading representations and means in connection with the debt, in violation of 15 U.S.C. § 1692e.

26.    By threatening to continue calling Plaintiff's place of work, despite being asked to stop, Defendant threatened to take an action that cannot be legally taken, in violation of 15 U.S.C. § 1692e(5).

27. By claiming that Defendant could not cease calls to Plaintiff, Defendant used false representations and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

28. By repeatedly calling Plaintiff's place of employment and claiming that it would not stop despite being legally required to do so, Defendant used an unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

RESPONDEAT SUPERIOR LIABILITY

29. The acts and omissions of the debt collectors, who were employed as agents by Defendant were committed within the time and space limits of their agency relationship with their principal, Defendant.

30. The acts and omissions these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

31. By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal, Defendant.

32. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and the Bankruptcy Code, in their attempts to collect this debt from Plaintiff.

STANDING

33.    Standing is proper under Article III of the Constitution of the United States of

America because Plaintiff's claims state:

a.  valid injury in fact;

b.  which is traceable to the conduct of Defendants;

c.  and is likely to be redressed by a favorable judicial decision.

*See Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016), and *Lujan v.*

*Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

34.    In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must

clearly allege facts demonstrating all three prongs above.

The "Injury in Fact" Prong

35.    Plaintiff's injury in fact must be both "concrete" and "particularized" in order

to satisfy the requirements of Article III of the Constitution, as laid out in

*Spokeo. Id.*

36.    For an injury to be "concrete" it must be a *de facto* injury, meaning that it

actually exists.  In the present case, Defendants engaged in violative conduct

under the FDCPA. Defendant caused Plaintiff to suffer sleeplessness,

nervousness, embarrassment, and fear of answering the telephone.

37.    For an injury to be "particularized" means that the injury must "affect the

plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548.  In the

instant case, Plaintiff was personally impacted when he was made to suffer

sleeplessness, nervousness, embarrassment, and fear of answering the telephone.

### The "Traceable to the Conduct of Defendants" Prong

38.    The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that Plaintiff's injury is traceable to the conduct of Defendant.

39.    In the instant case, this prong is met simply by the facts that the violative conduct contemplated in this Complaint was initiated by Defendant directly, or by Defendant's agent at the direction of Defendant.

### The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong

40.    The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

41.    In the present case, Plaintiff's Prayers for Relief include a request for statutory and actual damages. The damages were set by Congress and specifically redress the financial damages suffered by Plaintiff. Plaintiff also requests that the Court order Defendant to cease future wrongful collection activity.

42.    Furthermore, the award of monetary damages redresses the injuries of the past and prevent further injury by Defendant in the future.

43.   Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Plaintiff has standing to sue Defendant on the stated claims.

## TRIAL BY JURY

44.   Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

45.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.   The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

46.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II

### BANKRUPTCY DISCHARGE VIOLATION
11 U.S.C. § 524

47.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

48.    Section 524(a)(2) of the Bankruptcy Code provides that Plaintiff's bankruptcy discharge operates as an injunction against "the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not the discharge of such debt is waived."

49.    Defendant's actions violated the automatic discharge.

50.    Defendant's actions were willful and in full knowledge and awareness of Plaintiff's bankruptcy discharge.

51.    The knowing, conscious, deliberate, and willful violations of the automatic stay by Defendants is in contempt of the bankruptcy court and are punishable under Section 105(a) of the Bankruptcy Code.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

- Finding Defendant in contempt of court for having knowingly, willfully, and deliberately violated the bankruptcy discharge;
- An injunction be issued, ordering Defendant to cease further collection activities against Plaintiff;
- Awarding Plaintiff actual and statutory damages against Defendants for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
- Awarding Plaintiff reasonable attorney's fees and costs against Defendants pursuant to 15 U.S.C. § 1692k;

- For such other and further relief as may be just and proper.

Respectfully submitted,

Dated: _2/5/20_     By: _____
Mark L. Vavreck, Esq.
Attorney I.D. #: 0318619
GONKO & VAVRECK PLLC
Designers Guild Building
401 North Third Street, Suite 640
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile: (612) 659-9220
Email: mvavreck@cgmvlaw.com

ATTORNEYS FOR PLAINTIFF

<u>VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF</u>

STATE OF MINNESOTA      )
                                   ) ss
COUNTY OF __KANDIYOHI__   )

     I, Mark Alan Herzberg, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Mark Herzberg

Subscribed and sworn to before me this 3rd day of February, 2020.

Notary Public  Deputy Court Adm.

11